LEHMAN, APPELLANT, *v.* WESTHOVEN, APPELLEE.

[Cite as Lehman v. Westhoven, 10 Ohio App. 2d 66.]

(No. 1320—Decided April 19, 1967.)

*Messrs. Bowers, White & DeMeo,* for appellant.
*Messrs. Cable & Cable,* and *Mr. James C. Blair,* for appellee.

MIDDLETON, J. This is an appeal on questions of law from a judgment in favor of the defendant entered by the court upon a special verdict returned by the jury. In his amended petition the plaintiff states that on July 15, 1962, in Allen County, he was operating his automobile in a southerly direction on Trumbo-Cook Road and on the western side of that highway; that Trumbo-Cook Road was a duly dedicated county road extending in a general northerly and southerly direction; that Searfoss Road was a duly dedicated county road extending in a general easterly and westerly direction; that such county roads intersect at right angles and that Searfoss Road is controlled by a stop sign at its intersection with Trumbo-Cook Road; and that at the time plaintiff was operating his automobile in a southerly direction on Trumblo-Cook Road and the defendant was proceeding in a westerly direction on Searfoss Road and came out into the intersection and drove his automobile directly into the path of plaintiff's automobile causing the front of plaintiff's automobile to collide with the right side of defendant's automobile, the point of impact being approximately in the center of the southbound lane of Trumbo-Cook Road and Searfoss Road.

Plaintiff says that the defendant was negligent, which

negligence was the direct and proximate cause of the collision, in the following respects:

A. Defendant failed to bring his automobile to a stop before entering said Trumbo-Cook Road from Searfoss Road in disregard of the stop sign.

B. Defendant failed to yield the right of way to plaintiff who was proceeding on a through roadway.

C. Defendant, after entering the intersection, failed to stop, or timely and effectively to apply his brakes, or divert the course of his automobile so as to avoid said collision.

Plaintiff claims that as the result of defendant's negligence he was damaged in the sum of $103,186.31. In his answer defendant admits that Trumbo-Cook Road was a duly dedicated county road extending in a general northerly and southerly direction and that Searfoss Road was a duly dedicated county road extending in a general easterly and westerly direction and that such roads intersect at right angles.

For his first defense the defendant states that a collision occurred at the intersection of such roads between the respective vehicles and denies all the allegations of plaintiff's amended petition not specifically admitted to be true. For a second defense defendant by his answer states that the negligence of the plaintiff directly and proximately resulted in the collision and the resulting damages and injuries plaintiff may have sustained.

In the evidence there appear certain admitted facts as follows: that the Searfoss Road and Trumbo-Cook Road were dedicated county roads extended in the direction set forth in the petition; that Searfoss Road was controlled by a stop sign at its intersection with Trumbo-Cook Road; that the defendant failed to stop or make any effort to stop his automobile either before or after he passed the stop sign, or to apply his brakes so as to avoid a collision; that defendant failed to yield the right of way to plaintiff; and that the plaintiff suffered the injuries and damages as set forth in his amended petition.

The defendant in failing to stop in obedience to the stop sign before entering the intersection violated the statute (Section 4511.43, Revised Code), and his failure to stop was a continuing violation to the point of collision.

Plaintiff had the right of way to proceed through the intersection, also the right to assume that a driver on Searfoss

Road would obey the law and stop before entering the intersection. The plaintiff's right to proceed through the intersection uninterruptedly is a continuing right as long as he is proceeding in a lawful manner. The plaintiff testified that he was traveling 50 to 55 miles an hour. The Trumbo-Cook Road was a through county road, and the lawful speed upon this road was 60 miles an hour. The defendant testified that he was traveling, at the time of the collision, 40 to 50 miles an hour but gave no testimony as to the speed that plaintiff was traveling. The only testimony as to the speed of plaintiff's automobile offered by the defendant was given by the defendant's father-in-law, who testified that the plaintiff was traveling 65 to 70 miles per hour.

It is well established by the decision of the courts that there is no fixed speed limit in Ohio, only a prima facie lawful or unlawful speed. Traveling at a speed greater than 60 miles an hour is prima facie unlawful, but driving at this speed is not unlawful or negligent if such speed is not unreasonable or improper under the conditions existing at the time. At the time of the collision it was daylight, the weather was clear and the road was straight and level. Nor would the fact that plaintiff may have been traveling at a speed in excess of the prima facie rate do away with or excuse the defendant's failure to stop in obedience to the stop sign.

We find nothing in the evidence to support a finding that the plaintiff was, at the time of the collision, traveling at an unlawful rate of speed under the condition then existing, nor do we find any evidence of probative value that plaintiff failed to keep a proper lookout at the time and place of the collision. We find that as a matter of law the plaintiff was not negligent as averred by the defendant in his answer.

The court finds that the verdict of judgment is contrary to law as set forth herein. The judgment is reversed, and the court, entering the judgment the trial court should have entered, enters final judgment for the plaintiff for the amount found by the jury the plaintiff is entitled to recover to compensate him for his injuries and damages.

*Judgment accordingly.*

GUERNSEY, P. J., and YOUNGER, J., concur.