The State of Ohio, Appellee, *v.* Bratten, Appellant.

[Cite as State v. Bratten, 14 Ohio App. 2d 93.]

(No. 310—Decided December 4, 1967.)

*Mr. P. Daniel Fedders,* for appellee.

*Mr. Thomas A. Bratten, in propria persona.*

Hover, J. Appellant, defendant below, was convicted in the Municipal Court of Franklin, Ohio, of violating Section 4511.21 of the Revised Code, relative to speed regulations on public highways. He was charged specifically with traveling in a six-lane, divided interstate highway outside any municipal corporation at a speed greater than was reasonably safe or proper, to wit, eighty miles per hour, having due regard to the traffic, surface, width of such highway and all other conditions then existing, and in excess. of the seventy-miles-per-hour (posted prima facie lawful) speed then and there pertinent to such highway and travel thereon.

At the trial the state's witnesses consisted of two police officers who testified relative to the eighty-miles-per-hour speed. On cross-examination, one officer testified fur-

ther that the weather at the place and time was good and the sun was shining and visibility virtually unlimited; the pavement was concrete and in a good state of repair; the pavement was dry; and wind velocity almost nonexistent. In brief, he testified that "driving conditions were perfect at the time in question."

It was testified further that the defendant had no difficulty in bringing his car to a stop; that there were no passing cars at the time; and that the car had no difficulty stopping within the assured clear distance ahead. The car was not weaving on the road and was not out of control in any manner. The witnesses observed absolutely nothing abnormal about the way the car was proceeding down the road, other than the radar reading of eighty miles per hour. Finally, it was testified by one of the arresting officers that the car in question was proceeding in a manner which was reasonable and proper under the circumstances.

While the officers's ultimate conclusion may have been objectionable as a matter of evidence, it was, nevertheless, totally consistent with all other evidence received by the court relative to the existing driving conditions and the movement of the defendant's car.

The defendant moved for a dismissal of the charge on the ground that the speed of the car was not greater than reasonable or proper, having due regard to the traffic, surface and width of the street or highway, and other conditions; nor was the speed greater than would permit the driver to stop within the assured clear distance ahead.

Under the circumstances and this state of the evidence, there was a failure on the part of the prosecution to establish the violation of the speed regulations set out in the affidavit in question and based on Section 4511.21, Revised Code. The motion for a judgment at the close of the state's case was duly made and should have been granted. The court's failure to do so is error prejudicial to the defendant warranting reversal of the judgment and a dismissal of the charge.

*Judgment reversed.*

Long, P. J., and Hildebrant, J., concur.