WALLS *v.* TRANSAMERICAN FREIGHT LINES

1. EVIDENCE—WEIGHT OF THE EVIDENCE—APPEAL AND ERROR—PRE-SERVING QUESTION—MOTION FOR NEW TRIAL.

  An objection going to the weight of the evidence can be raised only by a motion for a new trial and a denial is reviewed on appeal only for abuse of discretion.

2. AUTOMOBILES—NEGLIGENCE—FOREIGN LAW—INSTRUCTIONS TO JURY.

  Turning across the median of a divided roadway in Ohio is negligence *per se* under Ohio law, and refusal of a request so to instruct the jury was error where there was evidence on which the jury could conclude that a driver of a truck which was in a collision was making such a turn.

3. AUTOMOBILES—NEGLIGENCE—FOREIGN LAW—ASSURED CLEAR DISTANCE.

  Under Ohio law there is no fixed speed limit but only *prima facie* limits, and questions of speeding and negligence both turn on whether the driver could stop in the "assured clear distance ahead".

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 833.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 218, 352.
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 720, 721.

4. Automobiles—Negligence—Foreign Law—Assured Clear Distance—Sudden Emergency.

> Inability of a driver to stop when another driver suddenly pulls into the roadway and thus reduces the "assured clear distance ahead" does not in itself constitute negligence under Ohio law.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 October 7, 1971, at Detroit. (Docket No. 9260.) Decided December 6, 1971.

Complaint by Felix and Patricia Walls against Transamerican Freight Lines for damages for injuries received in a car-truck accident. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Wilfred C. Rice,* for plaintiffs.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr, P. C.,* for defendant.

Before: Lesinski, C. J., and V. J. Brennan and O'Hara,* JJ.

V. J. Brennan, J. This is a suit for damages stemming from a car-truck accident which occurred on Route 280 south of Toledo, Ohio, on July 29, 1964. Plaintiff Felix Walls, a resident of Detroit, was proceeding south on Route 280 when the accident occurred. The testimony regarding the accident was conflicting. At the point of the accident, Route 280 is a limited-access highway with two lanes in each direction separated by a median. The plaintiff maintained that the truck driver was traveling across the southbound portion of the highway at a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

45-degree angle in an effort to turn across the median. The truck driver admitted that he intended to turn across the median, but testified that he was merely changing lanes at the time of the accident. The defendant also introduced evidence that the plaintiff was exceeding the posted speed limit at the time of the collision.

The case was tried in the Wayne county circuit court under the substantive law of Ohio. No issue is raised on appeal regarding the propriety of applying Ohio law. Plaintiffs appeal from a jury verdict and judgment for the defendant.

The first issue plaintiffs raise on appeal is that the verdict of the jury was against the great weight of the evidence. It is well settled that such an issue is raised only by a motion for a new trial, and this Court will only review a denial of such a motion for abuse of discretion. Plaintiffs did not move for a new trial, and therefore this argument is not properly before this Court. *Termaat* v. *Bohn Aluminum & Brass Company* (1961), 362 Mich 598; *People* v. *Mattison* (1970), 26 Mich App 453.

Second, plaintiffs allege two errors in the trial judge's charge to the jury. The first such error is the trial judge's refusal to give the following charge:

"Ohio Revised Code § 4511.35: Whenever any highway has been divided into two roadways by an intervening space, or by a physical barrier, or clearly indicated dividing section so contructed [sic] as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway, and no vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening, crossover, or intersection established by public authority. This section does not prohibit the occupancy of such dividing space, barrier, or section for the purpose of an emergency

stop or in compliance with an order of a police officer.

"I charge you ladies and gentlemen of the jury, that violation of § 4511.35 of the Ohio Revised Code, which I just read to you, is negligence *per se*. In other words, if you find from the testimony and evidence that the truck driver, Mr. Arthur B. Fielding attempted to make a turn from one side of a divided roadway to the other side, this would be negligence *per se* and you would have to find him negligent under the law."

The plaintiffs are correct. After reviewing the testimony and the exhibits, we are convinced that the prohibition contained in § 4511.35 of the Ohio Revised Code, *supra,* applied to the point at which the truck driver admittedly intended to make a U-turn. Furthermore, as counsel argued both to this Court and to the court below, the Ohio Supreme Court has ruled that a violation of this statute does constitute negligence *per se*. *Ornella* v. *Robertson* (1968), 14 Ohio St 2d 144 (237 NE2d 140). There was more than enough testimony in the record to support a conclusion by the jury that the truck driver was in the process of making such an illegal turn at the time the accident occurred. A refusal to give the charge as requested is therefore reversible error.

The second exception to the charge relates to the instructions regarding speeding under the law of Ohio. The plaintiff requested the following charge:

"I charge you, ladies and gentlemen of the jury, that violation of the basic speed law in Ohio is not negligence *per se*. That is to say that even if you find, as a matter of fact, that the driver of the Cadillac, Mr. Felix Walls, was driving in excess of the posted speed limit at the time of this accident, you will have to weigh and consider all of the sur-

rounding facts and circumstances existing at that time before deciding whether such speeding amounted to negligence, it would not be negligence *per se*."

The charge as given is as follows:

"I charge you, ladies and gentlemen of the jury that it is for you to determine if there was a violation of the basic speed law in Ohio. That is to say that, if you find, as a matter of fact, that the driver of the Cadillac, Mr. Felix Walls, was driving in excess of the posted speed limit at the time of this accident, you will have to weigh and consider all of the surrounding facts and circumstances existing at that time before deciding whether such speeding amounted to negligence."

There is very little difference between the charge as requested, and the charge as given. We feel, however, that neither the request nor the actual charge accurately reflect the law of Ohio on this point. There is no fixed speed limit in Ohio, only *prima facie* lawful or unlawful speeds. *Robinson* v. *Ferguson* (1957), 105 Ohio App 311 (149 NE2d 152); *Lehman* v. *Westhoven* (1967), 10 Ohio App 2d 66 (226 NE2d 795). Driving at a speed 10 miles per hour in excess of the posted speed limit on a limited-access highway under perfect driving conditions is not a violation of the basic-speed law in Ohio. *State* v. *Bratten* (1967), 14 Ohio App 2d 93 (236 NE2d 683). The basic test used by the Ohio courts to determine whether or not the basic-speed law has been violated is whether or not the driver could have stopped within the "assured clear distance ahead". *State* v. *Bratten, supra; State* v. *Wall* (1962), 115 Ohio App 323 (185 NE2d 115). Furthermore, a driver in Ohio has a right to assume that other drivers will obey the traffic laws. *Lehman* v. *Westhoven, supra.* An inability to stop due to

another driver suddenly pulling into the roadway and thus reducing the "assured clear distance ahead" is not in violation of the statutes. *Tenhunfeld* v. *Parkway Taxi Cab Company* (1957), 105 Ohio App 425 (152 NE2d 770).

It is therefore apparent that the question of whether or not plaintiff was speeding, and whether or not plaintiff was negligent must be answered by the jury in the same manner. "It is conceded that plaintiff was driving at a *prima facie* unlawful speed, but whether he violated the statute *and* was guilty of negligence was a question of fact for the jury, in the light of all attendant circumstances." *Tenhunfeld* v. *Parkway Taxi Cab Company, supra,* p 429. (Emphasis added.)

Therefore, both the requested charge, and the charge as given, did not accurately reflect the law of Ohio in that each set forth the question of speeding and the question of negligence as separate issues. If the plaintiff could not have stopped in the "assured clear distance ahead", he was both speeding and negligent. If he could have stopped, he was neither. If he could have stopped but for the truck driver suddenly and unexpectedly reducing the "assured clear distance ahead", he was neither speeding nor negligent.

The third issue plaintiffs raise on appeal is that two questions asked by the jury during their deliberations indicate that they were confused regarding the law of Ohio. In view of our disposition of plaintiffs' second argument, it is unnecessary for us to reach this question.

Reversed and remanded.

All concurred.