THE STATE OF OHIO, APPELLEE, *v.*
MENDIETA, APPELLANT.

(No. WD-84-6—Decided July 13, 1984.)

*Warren J. Lotz,* city prosecutor, for appellee.

*Adrian P. Cimerman,* county public defender, for appellant.

DOUGLAS, J. This case comes before this court on appeal from the judgment of the Bowling Green Municipal Court.

On October 1, 1983, appellant, Ferran O. Mendieta, was arrested for speeding in violation of R.C. 4511.21 and for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3). On November 28, 1983, appellant's case was tried to the court. Appellant was found guilty of all three charges and was, subsequently, sentenced thereon.

From that judgment, appellant appeals, presenting the following assignments of error:

"1. The trial court erred in admitting hearsay testimony as to the contents of an intoxilyzer simulator solution affidavit and as to a notation of the date of the first use of an intoxilyzer simulator solution.

"2. The trial court erred in taking judicial notice of the meaning of a digital reading from an intoxilyzer.

"3. The trial court erred in finding defendant guilty of driving under the influence in violation of Ohio Revised Code Section 4511.19(A)(1).

"4. The trial court erred in finding defendant guilty of driving under the influence under both Ohio Revised Code Sections 4511.19(A)(1) and 4511.19(A)(3).

"5. The trial court erred in finding defendant guilty of speeding, in violation of Ohio Revised Code Section 4511.21."

In his first assignment of error, appellant contends that the trial court erred in admitting into evidence testimony regarding certain notations made in the intoxilyzer logbook by police officers other than the officer testifying. In support of his contention, appellant urges our consideration of Evid. R. 803(8) which provides as follows:

"The following are not excluded by the hearsay rule * * *:

"(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b)

matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant,* unless the sources of information or other circumstances indicate lack of trustworthiness." (Emphasis added.)

Upon consideration of the foregoing language, we find Evid. R. 803(8) inapplicable to the admission of testimony regarding the notations entered into an intoxilyzer logbook for the reason that such notations are not "reports * * * [of] matters observed," but rather are records of ministerial acts kept on a routine basis by law enforcement authorities. For that reason, we find such testimony admissible pursuant to Evid. R. 803(6) which provides as follows:

"The following are not excluded by the hearsay rule * * *:

"(6) Records of regularly conducted activity. *A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity,* and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. *The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."* (Emphasis added.)

We, therefore, find appellant's first assignment of error not well-taken. Contra *State* v. *Emch* (1982), 7 Ohio App. 3d 7.

In his second assignment of error, appellant contends that the trial court erred in taking judicial notice of the meaning of the intoxilyzer reading. In support of his contention, appellant urges our consideration of this court's decision in *Toledo* v. *Raider* (1983), 14 Ohio App. 3d 198, wherein this court held, at 200, as follows:

"Thus, in addition to other foundational proof, we hold that the prosecution must elicit testimony indicating what the intoxilyzer test result means. * * *"

Without addressing the merits of the foregoing holding, we note that *Raider, supra,* involved a trial by jury, whereas the case *sub judice* involved a trial to the court. Upon consideration of the relevant statutes and regulations, we hold that the trial court may, when acting as the trier of fact, take judicial notice of the meaning of an intoxilyzer reading made pursuant to Ohio Adm. Code Chapter 3701-53. Further, see R.C. 4511.19 and R.C. 3701.143. We, therefore, find appellant's second assignment of error not well-taken.

In his third assignment of error, appellant contends that the trial court erred in finding appellant guilty of driving under the influence in violation of R.C. 4511.19(A)(1) for the reason that the evidence presented did not establish that appellant's ability to operate his motor vehicle was impaired.

We find appellant's third assignment of error not well-taken for the reason that our view of the record discloses that sufficient evidence was presented to sustain the trial court's determination that appellant was impaired, to wit: that the officer who stopped appellant for driving in excess of seventy miles per hour in a fifty-five mile-per-hour zone noted that appellant had a strong odor of alcohol about him, staggered slightly when he walked, was unsteady on his feet and appeared unsure of his movements.

In his fourth assignment of error, appellant contends that the trial court erred in convicting and sentencing him

upon violations of both R.C. 4511.19 (A)(1) and (3), as such are allied offenses of similar import pursuant to R.C. 2941.25.

Upon consideration of the relevant statutes and case law, we find that R.C. 4511.19(A)(1) and (3) create separate offenses and that, in accordance with R.C. 2941.25(A), a defendant may be charged with both, found guilty of both, but may be sentenced only as to one. See *State* v. *Wilcox* (1983), 10 Ohio App. 3d 11, and *State* v. *Scruggs* (Mar. 14, 1984), Hamilton App. Nos. C-830429 and -830430, unreported.

Our review of the record discloses that the trial court found appellant guilty of violating R.C. 4511.19(A)(1) and (3), as well as R.C. 4511.21 (speeding). The record further reveals, however, that appellant was sentenced, fined and assessed costs only once for both violations involving driving under the influence. For that reason, we find appellant's fourth assignment of error not well-taken.

In his fifth assignment of error, appellant contends that the trial court erred in finding him guilty of speeding, for the reason that no evidence was presented to establish that appellant's speed was unreasonable for the road conditions.

Our review of the record discloses that appellant was cited for driving seventy-three miles per hour in a fifty-five mile-per-hour zone and that the officer crossed out the phrase "unreasonable for conditions" on the citation and noted thereon "speed-overlimits 73/55" in violation of "[R.C.] 4511.21 B-5."

R.C. 4511.21(B) provides in part as follows:

"(B) It is prima-facie lawful, in the absence of a lower limit declared pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle, trackless trolley, or streetcar to operate the same at a speed not exceeding the following:

"* * *

"(5) Fifty-five miles per hour on highways outside of municipal corporations;"

In *Lehman* v. *Westhoven* (1967), 10 Ohio App. 2d 66 [39 O.O.2d 133], the Court of Appeals for Allen County considered the phrase "prima-facie lawful," holding, at 69, as follows:

"It is well established by the decision[s] of the courts that there is no fixed speed limit in Ohio, only a prima facie lawful or unlawful speed. Traveling at a speed greater than 60 miles an hour is prima facie unlawful, but driving at this speed is not unlawful or negligent if such speed is not unreasonable or improper under the conditions existing at the time. * * *"

In response, appellee urges our consideration of R.C. 4511.21(D), which provides that:

"No person shall operate a motor vehicle, trackless trolley, or streetcar upon the streets or highways at a speed exceeding fifty-five miles per hour."

Thus, pursuant to R.C. 4511.21(D), driving in excess of fifty-five miles per hour constitutes a speeding violation. Appellant argues, however, that he was not charged with a violation of R.C. 4511.21(D).

R.C. 4511.21(F) further provides, however, that:

"(F) When a speed in excess of both a prima-facie limitation and the limitation in division (D) of this section is alleged, *the defendant shall be charged in a single affidavit, alleging a single act, with a violation indicated of both division (B)(1)(a), (B)(2), (3), (4), (6), or (7), or of a limit declared pursuant to this section by the director or local authorities, and of division (D),* of this section. If the court finds a violation of division (B)(1)(a), (B)(2), (3), (4), (6), or (7) of, or a limit declared pursuant to this section has occurred, it shall enter a judgment of conviction under such division and dismiss the charge under division (D) of this section. If it finds no violation of

division (B)(1)(a), (B)(2), (3), (4), (6), or (7) of, or a limit declared pursuant to, this section, it shall then consider whether the evidence supports a conviction under division (D) of this section." (Emphasis added.)

Upon consideration of the language of the foregoing section, we note that those sections providing that it is prima-facie lawful to operate a motor vehicle at a speed not exceeding fifty-five miles per hour in certain areas, *e.g.,* R.C. 4511.21*(B)(5),* (B)(8) and (B)(9), are not included in R.C. 4511.21(F). Applying the doctrine *expressio unius est exclusio alterius,* that the mention of one thing implies the exclusion of another, we find that the trial court did not err in finding appellant guilty of speeding, notwithstanding that appellant was not charged under R.C. 4511.21(D), as well as R.C. 4511.21(B)(5). We, therefore, find appellant's fifth assignment of error not well-taken.

On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Bowling Green Municipal Court is affirmed.

This cause is remanded to said court for execution of sentence and assessment of costs. Costs to appellant.

*Judgment affirmed.*

HANDWORK and RESNICK, JJ., concur.