[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by David and Tammy Savage, Appellants, on behalf of their minor daughter, Tamala Savage, from a judgment of the Court of Common Pleas of Crawford County granting summary judgment in favor of Jessica Kildow, Appellee, in a negligence action.
This case stems from an accident that occurred on November 29, 1994, at the intersection of County Road 330 and County Road 18 in Crawford County, Ohio. That afternoon, thirteen year old Tamala Savage was riding as a passenger in a car driven by her seventeen year old cousin, Jessica Kildow. The two girls were heading westbound down County Road 330, in an area where the posted speed limit was 55 m.p.h. At the County Road 18 intersection, a car driven by Tina Parsons had stopped at a stop sign which controlled traffic on County Road 18. Apparently, Parsons did not notice Kildow's car as it travelled toward her uninterruptedly on County Road 330. Parsons pulled away from the stop sign and out in front of Kildow's oncoming vehicle, resulting in a collision which injured Kildow and Savage.
On August 8, 1996, Savage filed a complaint in the common pleas court claiming Kildow negligently operated her vehicle so as to involve the vehicle in an accident. Furthermore, Savage claimed her injuries were proximately caused by Kildow's negligence. Kildow filed an answer on August 30, 1996, denying any negligence on her part. Following discovery, Kildow filed a motion for summary judgment with supporting affidavits, claiming that no genuine issue of fact existed for trial on the issue of her negligence. Savage filed a memorandum contra to the motion for summary judgment on January 9, 1998. On February 10, 1998, the trial court granted summary judgment in favor of Kildow, finding no evidence in the case to support a claim of negligence.
Appellants now appeal this decision of the trial court, asserting one assignment of error.
 The trial court erred in finding that there was no genuine issue of material fact as to whether the vehicle operated by Jessica Kildow was traveling at an excessive rate of speed at the time of the accident.
We begin our analysis of Appellants' assignment of error by noting that our review of a motion for summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. The granting of a motion for summary judgment is appropriate only if there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and, construing all evidence in favor of the nonmoving party, reasonable minds could only reach a conclusion in favor of the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. With this standard in mind, we find that the trial court properly granted summary judgment in this case.
The burden of demonstrating that no genuine issue exists as to any material fact rests upon the party making the motion.Harless, 54 Ohio St.2d at 66. In this case, Appellee presented the supporting affidavits of two eyewitnesses to the accident to demonstrate that no genuine issue existed for trial on Appellants' negligence claim. As evidenced by the affidavits, both eye witnesses had extensive driving experience and both stated that they believed Kildow's vehicle was traveling at a lawful speed and that Kildow had no chance to avoid a collision with the car that pulled out in front of her.
To the contrary, Appellants contend that there was evidence that Jessica Kildow was speeding at the time of the accident and that her speeding proximately caused the accident in this case. In support of this argument, Appellants point to the deposition testimony of Tamala Savage wherein she stated that it was her opinion that Kildow was traveling about ten to fifteen miles over the 55 m.p.h. speed limit. This opinion was based on Savage's sense of speed while riding in the car with Kildow and not on any direct observation of the vehicle's speedometer. Furthermore, although Parsons apparently failed to yield the right of way before entering the intersection of County Road 330, Savage stated that she believed Kildow could have avoided an accident with Parsons' car by applying her brakes, or veering away from Parsons' vehicle. Savage admitted that this belief was not based on her personal knowledge since she has a limited memory of the moments just prior to the crash, but she stated that she came to this conclusion after reading police and witness reports. A review of the record reveals that the above mentioned testimony was the only relevant evidence proffered by Appellants to establish their claim of negligence and to rebut Appellee's motion for summary judgment.
When ruling on the motion for summary judgment, the trial court found Savage's deposition testimony was not "rationally based on the perception of the witness," a prerequisite to admissibility of lay witness opinion testimony pursuant to Evid.R. 701.[1] Specifically, the court noted that due to her injuries, Savage had lost all memory of the events of November 29, 1994. Although she was able to recall details of the accident before her deposition approximately three years later, the court characterized Savage's testimony as "spotty" and further found that "it is clear that certain opinions expressed were not her own but from information gathered from other witness and police reports." The court also mentioned that at the time of the accident Savage was thirteen and had no driving experience. For these reasons, the trial court found Savage's opinion testimony inadmissible. No other evidence appeared in the record to support Appellant's negligence action. Thus, the trial court granted summary judgment in favor of Kildow.
Even if we believe that the trial court erred in finding Savage's testimony on the issue of speed inadmissible under Evid.R. 701 as Appellants suggest, we find that summary judgment was still appropriately granted in favor of Appellee since Appellants have failed to establish the proximate cause element to their negligence claim. To establish an action in negligence, a plaintiff must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77, citingDiGildo v. Caponi (1969), 18 Ohio St.2d 125. A review of Tamala Savage's deposition testimony reveals that Savage thought Kildow was speeding. This fact, if believed, does not by itself demonstrate negligence which caused the accident in this case. This court has stated that traveling in excess of a posted speed, while prima facie unlawful, "is not unlawful or negligent if such speed is not unreasonable or improper under the conditions existing at the time." Lehman v. Westhoven (1967), 10 Ohio App.2d 66,69. Appellants do not suggest that driving in excess of the posted limit was unreasonable under the conditions existing at the time of the accident. Indeed, Appellants offered testimony by Savage that Kildow could have avoided hitting Parsons by braking or veering away from Parsons' vehicle. Although this opinion was based on hearsay, we find it interesting that this statement, if considered, contradicts Appellants' negligent speeding claim. If Kildow was driving ten to fifteen miles over the speed limit and still could have avoided the accident, then her speed was obviously not a factor proximately causing the crash. Nevertheless, this statement aside, Appellants fail to allege any casual connection in this case. There is no evidence to suggest that the accident in any way resulted from Kildow's speed. Thus, as the nonmoving party responding to a motion for summary judgment, Appellants have failed to meet their reciprocal burden of producing evidence which would demonstrate a genuine issue for trial with respect to the essential elements of their negligence claim. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 294. Consequently, Appellants' assignment of error is overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.
[1] Evid.R. 701 states:
 If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.