OPINION
Appellant, Robert Stambaugh, appeals a judgment of the Trumbull County Court of Common Pleas wherein appellant was found guilty of aggravated arson in violation of R.C. 2909.02(A)(1) and (A)(2).
The following facts are relevant to a determination of this appeal. On August 30, 1996, at approximately 1:00 p.m., appellant left his home at 3309 Anderson Morris Road in Liberty Township, Trumbull County, Ohio, to go to the Family Dollar Store and McDonalds. At 1:50 p.m., a fire was reported at appellant's home by a passing police officer. The Liberty Township Fire Department arrived on the scene at approximately 1:58 p.m. and were able to successfully extinguish the fire.
Liberty Township Fire Chief Roger Difrangia entered the residence and discovered that someone had left the oven on, and that an aerosol can and what looked to be an alarm clock wrapped in duct tape were found inside the oven. Additionally, two containers of gasoline were found on the staircase to the second floor. Due to the suspicious nature of the fire, the Metro Arson Task Force was immediately summoned to appellant's home to conduct an investigation. They brought an accelerant-detecting canine named Ninja with them to appellant's residence. The dog identified eleven different areas of the house as containing accelerants which may have been used to intentionally set the fire.
When appellant returned to his residence, he was asked to remove his shoes. He willingly complied. Appellant's shoes were then placed in a "line-up" with other shoes. Ninja picked appellant's shoes out of the line-up as the only shoes that were positive for an accelerant. Subsequently, a tee-shirt found in appellant's automobile, and his shoes, were sent to the State Fire Marshall's Office for examination and it was confirmed that both had kerosene on them.
From the outset, appellant denied any involvement in the fire. He told one of the arson investigators that there was no kerosene or gasoline in the house. However, investigators found varying amounts of kerosene, gasoline, and mineral spirits throughout the house. Additionally, there was a strong odor of fuel oil in the kitchen and the basement and between thirty and fifty gallons of fuel oil were discovered on the basement floor. Two of the investigators also found a Tylenol bottle in the bathroom medicine cabinet which contained gasoline rather than pain relief pills.
Evidence further indicated that while the insurance adjuster estimated the replacement cost of the structure at just under $50,000, appellant submitted a claim for the loss of $150,000. Interestingly, while many of appellant's important documents were destroyed in the fire, he managed to save the declaration page from his insurance policy and numerous photographs of his home which were in his car in a briefcase. During the course of the investigation, on September 12, 1996, appellant told the police that he would confess if they were willing to drop charges against him.
On October 31, 1996, appellant was indicted by the Trumbull County Grand Jury on one count of aggravated arson, in violation of R.C. 2909.02(A)(1), and one count of aggravated arson, in violation of R.C. 2909.02(A)(2). On February 25, 1997, appellant filed a motion suggesting that he was not mentally competent to stand trial. On June 30, 1997, appellant was found competent to stand trial. Prior to trial, appellant filed a motion alleging that the indictment failed to charge him with a culpable mental state. On the day of the jury trial, November 17, 1997, the state was permitted to amend the indictment as to both counts to include the culpable state of "knowingly." Appellant was found guilty on both counts of aggravated arson. On December 12, 1997, appellant was sentenced to three years on each count, to be served concurrently.
Appellant timely filed a notice of appeal with the following assignments of error:
 "1. The trial court erred in permitting the state to amend the appellant's indictment.
 "2. The trial court erred to the prejudice of the appellant by convicting and sentencing the appellant on both counts of aggravated arson in violation of R.C. 2941.25 and the Fifth Amendment of the United States Constitution.
 "3. The appellant's conviction for aggravated arson under R.C. 2909.02(A)(1) was against the manifest weight of the evidence."
In the first assignment of error, appellant contends that the trial court erred by permitting the state to amend the indictments to include the element of "knowingly" on the day of the trial.
Crim.R. 7(D), however, specifically allows amendments, providing in relevant part:
 "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill or particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *"
In State v. O'Brien (1987), 30 Ohio St.3d 122, the Supreme Court of Ohio interpreted Crim.R. 7(D) to permit an amendment to an indictment at trial to include the requisite mens rea of "recklessness" in a child endangering case. The court concluded that an indictment which omits an essential element of an offense may be amended "if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment." Id. at 127-128.
This court reached the same conclusion in a drug abuse case,State v. Pope (May 20, 1994), Lake App. No. 93-L-093, unreported. There, on the day of the trial, the state was permitted to amend the indictment to include the element of "knowingly." This court upheld the trial court's decision to permit the amendment noting that even without the amendment, the defendant was given notice of the charge against him since the indictment listed the corresponding revised code section. Thus, the amendment to the indictment did not change the name or the identity of the charge. Similarly, in the present case, appellant was put on notice of the code section under which he was charged. See, also, State v.Morgan (May 30, 1990), Lorain App. Nos. 89CA004670 and 89CA004672, unreported, which is directly on point.
Additionally, appellant could not possibly have been prejudiced by the amendment since his defense from the start was that he did not set the fire. There was no question of acting negligently, recklessly, or intentionally. His defense was that he did not act at all.
Accordingly, the trial court did not err by permitting the state to amend the indictment on the day of trial. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by convicting and sentencing him on both counts of aggravated arson since the two crimes were allied offenses of similar import. We disagree.
Appellant was convicted of two separate paragraphs of the aggravated arson statute. R.C. 2909.02(A)(1) (Count One of the indictment) precludes the following activity:
 "(A) No person, by means of fire or explosion, shall knowingly do any of the following: (1) Create a substantial risk of serious physical harm to any person other than the offender."
R.C. 2909.02(A)(2) (Count Two of the indictment) provides:
 "(A) No person, by means of fire or explosion, shall knowingly do any of the following: (2) Cause physical harm to any occupied structure."
R.C. 2941.25, the multiple counts provision in Ohio, provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
The Supreme Court of Ohio has articulated a two-pronged test to determine whether crimes are allied offenses of similar import. In State v. Blankenship (1988), 38 Ohio St.3d 116, the court stated:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis sic.) Id. at 117.
It is clear that violations of R.C. 2909.02(A)(1) and (A)(2) are not allied offenses of similar import as they do not meet the first prong of the Blankenship
test. Creating a substantial risk of serious physical harm to a person does not necessarily cause physical harm to an occupied structure. Nor does physical harm to an occupied structure necessarily create a substantial risk of serious harm to a person. Thus, there is no need to reach the second prong of theBlankenship test. Because the first prong is not met, the two offenses are not allied offenses of similar import. At least two appellate courts in Ohio have reached the same result. State v. Simon (Nov. 27, 1989), Clermont App. No. CA89-03-010, unreported, andState v. Price (Apr. 22, 1993), Cuyahoga App. No. 61891, unreported; cf. State v. Brady (Mar. 27, 1998), Hamilton App. No. C-970384, unreported.
Additionally, while appellant was convicted on both counts in the indictment, he was given concurrent sentences. Thus, even if the two crimes were allied offenses of similar import, he suffered no prejudice as he was only given one sentence. See State v.Miller (Dec. 5, 1990), Holmes App. No. CA-427, unreported, citingState v. Mendieta (1984), 20 Ohio App.3d 18, [20].
Accordingly, appellant's second assignment of error is without merit.
In the third assignment of error, appellant maintains that his conviction for aggravated arson under R.C. 2909.02(A)(1) was against the manifest weight of the evidence. A judgment of the trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin
(1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, we held:
 "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
"`In determining whether the verdict was against the manifest weight of the evidence,"(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'" * * *" (Citations omitted and emphasis sic.)
In other words, the appellate court sits as a "thirteenth juror" when reviewing a manifest weight challenge. State v. Salinas (1997), 124 Ohio App.3d 379,391.
In reviewing this case under the foregoing standard, it is clear that appellant's conviction under R.C. 2909.02(A)(1) was not against the manifest weight of the evidence. There was an abundance of evidence that appellant set the fire in his own house. His tee-shirt and shoes were found to contain accelerants. Fire investigators found eleven different places in his house where accelerants were detected. Open containers of gasoline were found on the staircase; fuel oil saturated the basement floor; and a highly combustible aerosol can was found in the oven. Additionally, important insurance documents and photographs mysteriously survived the blaze. Finally, appellant offered to confess to the crime if the charges would be dropped.
It is also clear that appellant's actions created a substantial risk of serious physical harm to people other than himself. Besides the obvious risk posed to firefighters who were called to extinguish the fire, evidence was presented that the residence was made even more dangerous by the presence of the homemade bomb in the oven and the large quantity of fuel oil spread in the basement. These additional hazards increased the risk of serious physical harm to anyone in the vicinity of the burning house due to the potential for an explosion.
Hence, based upon the foregoing analysis, appellant's conviction for aggravated arson under R.C. 2909.02(A)(1) was not against the manifest weight of the evidence. Appellant's third assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 __________________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.