JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The assignment of error, which alleges that the trial court erred in entering judgment in favor of defendant Michael J. Vitale, Jr., is overruled.
Vitale had the right-of-way as long as he was proceeding in a lawful manner. See Deming v. Osinski (1970), 24 Ohio St.2d 179,265 N.E.2d 554; Beers v. Wills (1962), 172 Ohio St. 569,179 N.E.2d 57; Morris v. Bloomgren (1933), 127 Ohio St. 147,187 N.E. 2. There is no "fixed" speed limit in Ohio, only a prima facie
lawful or unlawful speed. See Deffinbaugh v. Ohio Turnpike Comm.
(1990), 67 Ohio App.3d 692, 588 N.E.2d 189; Vavrina v. Greczanik
(1974), 40 Ohio App.2d 129, 318 N.E.2d 408; Lehman v. Westhoven
(1967), 10 Ohio App.2d 66, 226 N.E.2d 795; Belcher v. Wess (Sept. 30, 1996), Franklin App. No. 96APE04-400, unreported; Womack v.White (Mar. 26, 1993), Ashtabula App. No. 92-A-1726, unreported;Cramer v. Detrick (Nov. 10, 1993), Montgomery App. No. 13583, unreported. Exceeding the posted speed limit is not unlawful or negligent if the speed was not unreasonable or improper under the conditions existing at the time. Id. A vehicle may be proceeding lawfully even if it is exceeding the speed limit if the speed is reasonable given the surrounding circumstances. Id. Whether the speed was reasonable and whether the speed was the cause of an accident are questions of fact to be determined by the trier of fact. Id.; Morgan v. Parson (Apr. 22, 1987), Hamilton App. No. C-860268, unreported.
The trial court determined that Vitale had the right-of-way, that his speed of five miles per hour over the posted speed limit was not unreasonable for the conditions at the time of the accident, that Vitale did not lose his right-of-way, that Vitale's act of driving five miles per hour over the posted speed limit was not the proximate cause of the accident, and that Varhola failed to yield the right-of-way. It is clear that the trial court found that Varhola's failure to yield was the proximate cause of the accident. Following a review of the record, we hold that it supports the trial court's decision.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Sundermann, JJ.