OPINION
Appellant Rebecca Schwartz appeals a conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol (R.C. 4511.19(A)(1)), and operating a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3):
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN, IN ISSUING ITS DECISION ON APPELLANT'S MOTION TO SUPPRESS, IT FAILED TO STATE ITS ESSENTIAL FINDINGS ON THE RECORD.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT THE OPPORTUNITY TO CROSS EXAMINE THE ARRESTING OFFICER ON THE HORIZONTAL GAZE NYSTAGMUS.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED WHEN IT CONVICTED AND SENTENCED APPELLANT OF BOTH OPERATING A VEHICLE WHILE UNDER THE INFLUENCE, IN VIOLATION OF R.C. 4511.19(A)(1) AND OPERATING A VEHICLE WITH A PROHIBITED CONCENTRATION OF ALCOHOL, IN VIOLATION OF R.C. 4511.19(3).
On November 1, 2000, appellant was charged with operating a motor vehicle while under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1), operating a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3), failing to wear a seat belt in violation of R.C. 4513.263, and driving left of center in violation of R.C. 4511.25. At her arraignment on November 7, 2000, appellant entered a plea of not guilty to all of the charges.
Thereafter, on December 12, 2000, appellant filed a Motion to Suppress the results of the BAC and field sobriety tests. Appellant, in her motion, alleged that the officer who stopped her did not have probable cause to require her to submit to the BAC test and that the officer failed to strictly comply with the standardized procedures required for the administration of the horizontal gaze nystagmus test. A hearing on appellant's Motion to Suppress was held on January 9, 2001. The following evidence was adduced at the hearing.
On November 1, 2000, Trooper Darwin Justice of the State Highway Patrol was driving north on County Road 30 in Thorn Township, Perry County, Ohio, when he observed a southbound vehicle go left of center. According to the Trooper, the vehicle, which looked like a large pick up truck, "went left of center by approximately eighteen inches, a foot and a half." Transcript of Suppression Hearing at 8. Trooper Justice then turned around and pursued appellant's vehicle into her driveway. When he spoke with appellant, the Trooper noticed that appellant's eyes were somewhat bloodshot, her speech was slightly slurred, and there was a very strong odor of alcohol on her breath. The Trooper testified that when he asked appellant whether she had consumed alcohol prior to being stopped, "I believe her response was that I drank about two beers." Transcript of Suppression Hearing at 9. Trooper Justice then administered the horizontal gaze nystagmus test twice to appellant, once while she was still seated in her vehicle and again after appellant was outside of the same. After six clues for intoxication were present each time the test was administered, Trooper Justice arrested appellant for driving under the influence of alcohol and/or drugs. A BAC test conducted at the station produced a test result of .102.
At the conclusion of the suppression hearing, the trial court took the matter under advisement. As memorialized in a Judgment Entry filed on February 2, 2001, the trial court denied appellant's Motion to Suppress without giving its reasons for doing so.
Subsequently, a jury trial commenced on April 27, 2001. At the conclusion of the evidence and the end of deliberations, the jury, on the same date, found appellant guilty of operating a motor vehicle while under the influence of alcohol and/or drugs in violation of R.C.4511.19(A)(1) and operating a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3). The trial court also found appellant guilty of failing to wear a seat belt in violation of R.C. 4513.263, and driving left of center in violation of R.C. 4511.25. Pursuant to a Judgment Entry filed on May 11, 2001, the trial court sentenced appellant to sixty (60) days in jail on each count, but suspended fifty two (52) of the days and placed appellant on probation for a period of two years. In addition, the trial court fined appellant $650.00 on each count, but suspended $300.00 of the fine for each count.
 I
Appellant, in her first assignment of error, argues that the trial court erred when it failed to state its essential findings on the record in denying appellant's Motion to Suppress. As stated above, the trial court, at the conclusion of the suppression hearing, took the matter under advisement. Thereafter, pursuant to a Judgment Entry filed on February 2, 2001, the trial court denied appellant's motion simply stating as follows: "After review of the testimony the Court hereby denies the defendant's Motion to Suppress."
Crim. R. 12(E) requires a court ruling on a pre-trial motion to state its essential findings on the record if factual issues are involved. InCity of Bryan v. Knapp (1986), 21 Ohio St.3d 64, the Ohio Supreme Court explained the rationale for the rule as assisting effective judicial review. A trial court reviews the credibility of the witnesses and determines the facts. If the trial court does not make findings of fact, appellate review of the decision is hampered. See State v. Marinacci,
(Nov. 3, 1999), Fairfield App. No. 99-CA-37, unreported.
In the instant case, the court failed to state its essential findings of fact on the record, thereby precluding effective appellant review. The first assignment of error is sustained.
 II
In her second assignment of error, appellant argues that the trial court erred in denying her an opportunity to cross-examine Trooper Justice, the arresting officer, regarding his administration and interpretation of the horizontal gaze nystagmus test. Because the court failed to state findings on the record concerning the horizontal gaze nystagmus test, we are unable to properly review whether the court committed error in limiting cross-examination concerning the test. We cannot determine whether any error would be prejudicial, as the court's reasons for overruling the motion to suppress were not stated on the record. This assignment of error is therefore premature at this time.
The second assignment of error is overruled.
 III
Appellant, in her third assignment of error, maintains that the trial court erred in convicting and sentencing appellant for both operating a motor vehicle while under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1) and operating a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3). We concur.
Violations of R.C. 4511.19(A)(1) and (A)(3) are allied offenses of similar import. State v. Porter (1992), 76 Ohio App.3d 798, 801-802;State v. Mendieta (1984), 20 Ohio App.3d 18, 20. According to R.C.2941.25(A), "[w]here the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted on only one." See Mendieta, supra. Therefore, while appellant may be charged and found guilty of multiple allied offenses, she could be convicted and sentenced for only one offense.
In the case sub judice, appellant was convicted of both the R.C.4511.19(A)(1) charge and the 4511.19(A)(3) charge and sentenced on both. Appellant's third assignment of error is, therefore, sustained.
The judgment of the Perry County Court is reversed. This cause is remanded to that court with instructions to state findings of fact on the record in relation to the motion to suppress. In addition, the sentences are vacated. In the event that there is no further appeal following the court stating findings related to the motion to suppress, the court is instructed to re-sentence appellant on only one of the two convictions.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Court is reversed. This cause is remanded to that court with instructions to state findings of fact on the record in relation to the motion to suppress. In addition, the sentences are vacated. In the event that there is no further appeal following the court stating findings related to the motion to suppress, the court is instructed to re-sentence appellant on only one of the two convictions.
Costs to appellee.
Hon. W. Scott Gwin, J. Hon. John Boggins, J. concur. Hon. Julie Edwards, P.J., concurs in part, dissents in part.