The State of Ohio *v.* Nedelkoff.

(No. 9309—Decided April 15, 1970.)

County Court of Columbiana County, Southwest area.

*Mr. Tom Fanin,* for plaintiff.
*Mr. George Aronson,* for defendant.

MacDonald, J. The defendant, Jeko M. Nedelkoff, was charged with a violation of R. C. 4511.21 on an affidavit in the form of a uniform traffic ticket signed by Patrolman D. Baker of the Ohio State Highway Patrol. The affidavit was sworn to and filed in this court on March 16, 1970, in which affidavit it was charged that on March 15, 1970, at 10:45 p. m. the defendant operated a motor vehicle on State Route 45 north of the village limits of Lisbon, Ohio, at an unreasonable and improper speed, to wit, a speed of 60 miles per hour in a posted 45 mile-per-hour zone.

The defendant was arraigned in this court on March 17, 1970, and entered a plea of not guilty. On the issues joined, the case came on for trial before this court on April 15, 1970.

R. C. 4511.21 is entitled *Speed Limits; Modifications* and is the section of the motor vehicle traffic laws which is designed to regulate the speed of motor vehicles upon the

streets and highways of the state of Ohio. The section provides:

"No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater, or less than is *reasonable or proper,* having due regard to the traffic, surface, and width of the street or highway and any other conditions * * *."

The section, then, provides that it is prima facie lawful for the operator of a motor vehicle to operate the same at a speed not exceeding certain limits under certain situations and locations. For example, 60 miles per hour during the day time and 50 miles per hour during the night time on highways outside municipal corporations.

State Route 45, which runs in a northerly direction from the municipal limits of the village of Lisbon is a duly established state highway, and the provisions of the statute providing that it is prima facie lawful to operate a motor vehicle at a speed not exceeding the limits designated would apply to State Route 45; with certain exceptions.

R. C. 4511.21 provides further that it is prima facie unlawful for any person to exceed any of the speed limitations established by the statute.

In addition to the prima facie limits set forth in the statute, the statute provides further that whenever the Director of Highways determines upon the basis of an engineering and traffic investigation that any prima facie speed set forth in Divisions (A) to (I), inclusive, of this section is greater, or less, than is reasonable or safe under the conditions found to exist at any place upon any part of a state route, the director is authorized to determine and declare a reasonable and safe prima facie speed limit, which shall be effective, when appropriate signs giving notice are erected on such part of the state route.

The records indicate that the Director of Highways of the state of Ohio, having followed the procedures set forth in the authorizing statutes, has reduced the prima facie speed limit on State Route 45 for a distance of three miles north of the village limits of the village of Lisbon, Ohio, and has by appropriate action established such prima

facie limit to be 45 miles per hour, and this stretch of highway bears appropriate signs giving notice of such prima facie limit, such signs being placed approximately a quarter of a mile apart on each side of the highway.

The evidence in this case establishes the fact that, at the time and place charged in the affidavit, the defendant was exceeding the prima facie limit so established. The officer's testimony was that the defendant was followed for a distance of some mile and a half to two miles, and that, during the time he was observed, his speed was 60 miles per hour. It is not seriously controverted by the defendant that he was operating at the time and place at a speed in excess of the prima facie limit.

The words "prima facie" are Latin in origin, although they have now been included in Webster's Standard Dictionary and have been defined as meaning "at first sight; on first view before further examination; and in law, adequate to establish a fact, or raise a presumption of fact unless refuted."

Upon consulting the work entitled Words and Phrases, it is stated:

"Prima facie evidence is merely proof of the case upon which the jury (or court) may find a verdict unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

*Stoneham* v. *State*, 268 S. W. 156; 33 Words and Phrases 553.

In the case of *State* v. *Schultz*, 1 Ohio Misc. 81, the court held as follows: " * * *in the state of Ohio, under the provisions of Sec. 4511.21, Revised Code, *there is no fixed speed limit.*" (Emphasis added.)

In the case of *Tenhunfeld* v. *Parkway Taxi Cab Co.*, 105 Ohio App. 425, the court stated:

"The statute (R. C. 4511.21) continues by making it prima facie unlawful for a person to operate a motor vehicle at a speed greater than (those speeds set forth in the

statute). It is conceded that plaintiff was driving at a prima facie unlawful speed, but whether he violated the statute * * * was a question of fact for the jury, in the light of all attendant circumstances. A prima facie unlawful speed may be rebutted by evidence, which a jury might find would bring such speed within lawful limits.''

In the case of *Cleveland* v. *Keah* (1952), 157 Ohio St. 331, decided by the Supreme Court of Ohio, Syllabus 1 is, in part, as follows:

* * * Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence that in the circumstances the speed was neither excessive nor unreasonable.''

See also *North Ridgeville* v. *Munkacsy,* 4 Ohio App. 2d 389 (Lorain County), and *Lehman* v. *Westhoven,* 10 Ohio App. 2d 66 (Allen County).

The evidence in the case under consideration was that the defendant Nedelkoff is a doctor of medicine, and, at the time and place of the alleged offense, he was on his way to the Salem City Hospital to attend two patients. Dr. Nedelkoff testified that the patients he was attending were serious cases, and that he was attempting to get to Salem as soon as possible. Whether or not an emergency actually existed is certainly not for this court to say. The defendant, Dr. Nedelkoff, being a physician and doctor of medicine, would certainly be in a better position than this court, or the arresting officer, to say.

The evidence further was and is not controverted that the highway was perfectly dry. There was no snow, or wet condition to cause a hazard; that the highway is a modern highway with a hard, paved surface 24 feet wide. The court takes judicial notice of the fact that said highway is a perfectly straight stretch. Although it is what might be termed rolling, there are no exceptionally steep grades, and there is nothing to indicate any other particularly hazardous situation in regard to this stretch of highway. The arresting officer testifies that there was no evidence, and that he did not observe any reckless operation whatever; and, with the exception of the fact that the defendant was exceeding the prima facie limit, he was not in violation of

any other traffic law. The evidence was that the amount of traffic on the highway at this particular time and place was very light.

Route 45 north of the corporate limits of the village of Lisbon for a distance of some 2½ to 3 miles is considerably built up with business establishments and rural residences. There are some intersecting township roads and numerous driveways leading into private residences and business establishments. It is assumed that, because of this condition, the Director of Highways deemed it advisable to reduce the prima facie limit to 45 miles per hour. However, the court must take into consideration in this case the fact that the offense charged was at the hour of 10:45 p. m. At that hour, there are few, if any business establishments open, and at that particular hour, there would be relatively few vehicles proceeding into private driveways, or out of private driveways.

Taking all these matters into consideration and considering all the facts of the case, as established by the evidence, this court finds that the defendant Nedelkoff has successfully rebutted the presumption referred to, and the court, therefore, finds that, at the time and place and under the circumstances and all conditions existing, that the defendant's speed was reasonable and proper.

The court, therefore, finds the defendant not guilty. The charge is, therefore, dismissed.