Defendant-appellant, Charles J. Thurston, M.D., appeals his conviction in the Washington Court House Municipal Court for speeding in violation of R.C. 4511.21.
On October 20, 1996, appellant, a physician, was traveling down State Route 35 from Deaconess Hospital in Cincinnati back to his home office in Ross County where he operates a limited house call service. Appellant had word of a medical call at the office. At the same time, Deputy Sheriff Robert S. Crabtree of the Fayette County Sheriff's Department was operating his K-55 radar unit while patrolling State Route 35. Appellant came upon a vehicle driving at about fifty-two or fifty-three m.p.h.[1]
Appellant accelerated to pass the vehicle. Appellant was clocked driving at seventy-three m.p.h. in a fifty-five m.p.h. speed zone. Deputy Crabtree thereafter pulled appellant over, asked him for his driver's license, and advised appellant why he stopped him. A few minutes later, while Deputy Crabtree was in his patrol car, appellant approached Deputy Crabtree and advised him that he was a physician responding to a call. Deputy Crabtree testified that appellant did not specify whether the call was an emergency. The call "later turned out to be * * * minor * * *."
Appellant was cited for driving at seventy m.p.h. in a fifty-five m.p.h. speed zone in violation of R.C. 4511.21. The citation indicated that the speed was unreasonable for the conditions. The citation indicated the conditions to be as follows: dry pavement, cloudy visibility, moderate traffic in both the same and oncoming directions, rural area, asphalt road surface, and no accident. Appellant entered a no contest plea to the charge and was found guilty by judgment entry filed November 21, 1996. This appeal followed.
In his sole assignment of error, appellant argues that his conviction was against the manifest weight of the evidence "which showed that a physician, en route to an urgent medical call, had the right to accelerate briefly beyond the prima facie speed limit to a safe and reasonable speed in order to pass a slower vehicle."
It is well-established that an appellate court will not reverse a decision supported by competent, credible evidence going to all essential elements of the case as being against the manifest weight of the evidence. State v. Jenks (1991), 61 Ohio St.3d 259.
We note at the outset that contrary to appellant's assertion, the record does not show that appellant was en route to an urgent medical call. Deputy Crabtree testified that while appellant told him he was a physician responding to a call, appellant did not specify whether the call was an emergency. Appellant himself testified that "[he] was not speeding to get to an emergency."
Appellant was convicted of speeding in violation of R.C.4511.21. Contrary to appellant's assertion that he was convicted of speeding in violation of R.C. 4511.21(B)(5), the record does not specify which subsection of R.C. 4511.21 appellant was found guilty of violating, and appellant did not raise the issue of which section of R.C. 4511.21 he was charged with violating at trial. As a result, this court will review appellant's conviction under the applicable subsections of R.C. 4511.21. R.C. 4511.21, which governs speed limits, provides in relevant part:
 (B) It is prima-facie lawful, in the absence of a lower limit * * *, for the operator of a motor vehicle, * * * to operate the same at a speed not exceeding the following:
* * *
 (5) Fifty-five m.p.h. on highways outside of municipal corporations, * * *
* * *
 (C) * * * [I]t is unlawful for any person to exceed any of the speed limitations in division (D) of this section. * * *
 (D) No person shall operate a motor vehicle, * * * upon a street or highway as follows:
(1) At a speed exceeding fifty-five m.p.h.[.]
After thoroughly reviewing the record, we find that competent, credible evidence supported appellant's conviction for speeding under R.C. 4511.21. It is well-established that under R.C.4511.21(D), driving in excess of fifty-five m.p.h. constitutes a speeding violation. State v. Mendieta (1984), 20 Ohio App.3d 18,20. It is undisputed that appellant was clocked driving seventy-three m.p.h. in a fifty-five m.p.h. speed zone. We therefore find that competent, credible evidence supported appellant's conviction under R.C. 4511.21(C) and (D).
With regard to R.C. 4511.21(B)(5), it is well-established that where the state traffic law makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitutes unlawful conduct per se, but only establishes a prima facie case. State v. Wall (1962), 115 Ohio App. 323, 336. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that under the circumstances the speed was neither excessive nor unreasonable. Id.
Appellant does not dispute that for a brief moment, he was driving at seventy-three m.p.h. in a fifty-five m.p.h. zone. Appellant argues, however, that in light of the medical call and the safety of passing another vehicle traveling below the speed limit, such speed was not only both safe and reasonable, it was also the only safe option available. Appellant cites State v. Nedelkoff (C.C. 1970), 53 O.O.2d 200, in support of his argument. We disagree.
In the case at bar, the citation indicated that appellant's speed of seventy m.p.h. in a fifty-five m.p.h. zone was unreasonable for the conditions. The citation also indicated that there was moderate traffic in both the same and opposite directions and that the visibility was cloudy. Appellant admitted at trial that State Route 35 was in its basic makeup a dangerous stretch of highway. A review of the record supports the trial court's finding that "[it was] not convinced that there was any emergency which would have necessitated [appellant] in passing the vehicle which was doing 52 or 53 m.p.h. as there was no evidence presented which indicated that there was an emergency." In light of all of the foregoing, we therefore find that the speed of seventy m.p.h. was a speed greater than reasonable or proper.
We further find that passing the slower vehicle at such speed was not the only safe option available to appellant. We agree with appellant that had he passed the slower vehicle at the fifty-five m.p.h. speed limit, he would have run the risk of having a head-on collision with a vehicle coming from the opposite direction. We believe, however, that appellant had another safe, and safer, option which was not to pass the vehicle despite appellant's contention that "[i]t was simply not necessary to follow another vehicle at slower than the speed limit for the next ten miles."
Appellant cites Nedelkoff to support his argument that under the circumstances of his case, his speed was neither excessive nor unreasonable. We find, however, that Nedelkoff is factually distinguishable and that therefore its holding is not applicable to the case at bar. In Nedelkoff, the Columbiana County Court held that the defendant's speed of sixty m.p.h. in a posted forty-five m.p.h. zone was reasonable and proper in light of the fact that (1) defendant was a physician who was trying to get to the hospital as soon as possible to attend two particular patients whom he knew to be serious cases, (2) the highway was a "perfectly straight stretch," and (3) the traffic was very light. In the case at bar, unlike in Nedelkoff, there was no evidence that the call appellant was responding to was an emergency. In addition, the record shows that traffic was moderate in both directions and that State Route 35 is a dangerous stretch of highway.
We therefore find that competent, credible evidence supported appellant's conviction under R.C. 4511.21(B)(5). We thus hold that appellant's conviction for speeding in violation of R.C.4511.21 was not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Appellant was then in Jefferson Township in Fayette County.