OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Michael S. Dennis appeals his conviction and sentence in the Knox County Municipal Court on one count of speeding in violation of R.C. 4511.21 (C). The plaintiff-appellee is the State of Ohio.
 {¶ 2} On September 16, 2003, at approximately 11:55 p.m. Trooper Hurlbert, of the Ohio State Highway Patrol, clocked the vehicle appellant was driving with a stationary radar device. The radar unit clocked the vehicle at 59 m.p.h. The Trooper initiated a traffic stop. Trooper Hurlbert cited appellant for traveling in excess of the posted 40 m.p.h. speed limit in violation of R.C.4511.21 (C).
 {¶ 3} On October 1, 2003, appellant, through counsel, entered a plea of not guilty. On October 21, 2003, at the scheduled pre-trial conference, appellant withdrew his not-guilty plea and entered a plea of no-contest.
 {¶ 4} Upon hearing that the appellant was not stipulating to a finding of guilty, the court asked appellant if he was requesting a trial date. Appellant declined to schedule the case for trial. Thereafter, the court requested the prosecutor read the Trooper's notes for the record. The prosecutor then set forth the following facts: "defendant was checked on Beckley Road eastbound, east of County Road 6 with radar 61 at 59 in a 40. Good audio, alone. Also rolled two stop signs. Tracked at 60, 60, 59, and 59." (T. at 2).
 {¶ 5} At the conclusion of the prosecutor's recitation of the Trooper's notes, appellant moved to dismiss the charge upon the basis that the citation did not allege that appellant's vehicle was traveling at an unsafe speed for the conditions.
 {¶ 6} The trial court found appellant guilty. In a written judgment entry filed October 22, 2003, the trial court stated: "R.C. 4511.12 (1)(C) provides * * * "it is unlawful for any person to exceed any of the speed limitations in Division (D) of this section. Division (D) states: `no person shall operate a motor vehicle * * * upon a street * * * at a speed in excess of 55 m.p.h.' the defendant was traveling 59 m.p.h."
 {¶ 7} Appellant was fined $100 and court costs. Two points were assessed against appellant's driver's license.
 {¶ 8} Appellant timely appealed and herein raises the following sole assignment of error:
 {¶ 9} "THE KNOX COUNTY MUNICIPAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF SPEEDING IN VIOLATION OF R.C. 4511.21 (C), ON A PLEA OF NO CONTEST, WHEN THE CITATION (AFFIDAVIT) DID NOT CONTAIN AN ESSENTIAL ELEMENT OF THE OFFENSE BECAUSE IT FAILED TO ALLEGE THE SPEED WAS UNSAFE FOR THE CONDITIONS AND THE EXPLANATION OF CIRCUMSTANCES FAILED TO INDICATE THE SPEED WAS UNSAFE FOR THE CONDITIONS."
 {¶ 10} In his assignment of error, appellant contends that the State failed to prove an essential element of the crime of speeding. Appellant contends that the State failed to prove that his speed was unreasonable and unsafe for the conditions. We disagree.
 {¶ 11} R.C. 4511.21 (C) contains two separate and distinct components. The first component is that "[i]t is prima facie unlawful to exceed any of the speed limitations" contained in Subdivision (B). The second component states "[i]t is unlawful for any person to exceed any of the speed limitations in Division (D) of this section * * *"
 {¶ 12} 4511.21 (D) states, in relevant part, "[n]o person shall operate a motor vehicle upon a street or highway as follows: (1) at a speed exceeding 55 m.p.h., except upon a freeway as provided in Division (B)(12) of this section."
 {¶ 13} Although it is prima facia unlawful to exceed the posted speed limit pursuant to the first branch of 4511.21 (C), it is clear the State legislature has determined in the second branch that this rebuttable presumption of speed does not apply above the maximum speeds set forth in Subsection (D). In other words it is a per se speeding violation.
 {¶ 14} The second component of 4511.21 (C) together with4511.21 (D) defines the point that the legislature has determined an individual cannot drive safely for the conditions of the particular roadway. A defendant may still challenge the accuracy of the speed measuring device, or the estimation of speed, although he may not challenge the general accuracy of the legislatively determined maximum reasonably safe speed limit. SeeState v. Tanner (1984), 15 Ohio St.3d 1, 6, 472 N.E.2d 689,694. (.10 percent blood alcohol level does not create irrebuttable presumption of guilt).
 {¶ 15} Appellant does not contest the fact he was traveling in excess of 55 m.p.h., nor does appellant challenge that the stop occurred on a two-lane road. (Judgment Entry, Oct. 22, 2003). Further, a plea of no-contest constitutes an admission of the truth of the facts in the citation. See, State v. Hunter
(Aug. 19, 1999), 5th Dist. No. 99CA0036.
 {¶ 16} The trial court found a per se violation which does not require an allegation that the speed was unsafe for the conditions.
 {¶ 17} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Knox County Municipal Court is hereby affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Municipal Court is hereby affirmed. Costs to appellant.