OPINION
{¶ 1} This is an appeal by defendant-appellant, Jonathan E. Conley, from a judgment of the Franklin County Municipal Court, finding appellant guilty of speeding and ordering him to pay a fine.
 {¶ 2} On October 31, 2005, appellant was charged with one count of speeding, in violation of Columbus Traffic Code 2133.03(D). Appellant entered a plea of not guilty, and the matter came for hearing before the trial court on November 18, 2005.
 {¶ 3} The sole witness for plaintiff-appellee, City of Columbus ("city"), was Columbus Police Officer Kenneth Decker. On October 31, 2005, at 10:48 p.m., Officer Decker was on duty when he observed appellant driving a green Subaru Legacy southbound on Interstate 71 at a high rate of speed. Officer Decker activated a laser speed device and clocked appellant's speed three times, registering readings of between 76 and 80 m.p.h. Officer Decker pulled over appellant and cited him for speeding. On cross-examination, Officer Decker acknowledged he did not check the box on the ticket designated "unsafe for conditions."
 {¶ 4} At the close of the city's evidence, appellant made a motion to dismiss the charge on the basis that the box designated "unsafe for conditions" was not marked by the officer. The trial court denied the motion, and found appellant guilty of the charge. The court imposed a fine of $45, plus court costs.
 {¶ 5} On appeal, appellant sets forth the following two assignments of error for review:
1. The Trial Court erred in failing to dismiss the Summons issued as insufficient under law.
2. The Trial Court erred in failing to grant Appellant's Crim.R. 29 motion.
 {¶ 6} Appellant's assignments of error are interrelated and will be considered together. Appellant's primary contention is that the trial court erred in failing to dismiss the charge on grounds of sufficiency.
 {¶ 7} In reviewing a challenge to the sufficiency of the evidence, "`[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Tenace,109 Ohio St.3d 255, 2006-Ohio-2417, at ¶ 37, quoting State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Further, "[a] motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." Tenace, supra, at ¶ 37.
 {¶ 8} Columbus Traffic Code 2133.03(D)[1] states as follows:
(D) No person shall operate a motor vehicle upon a street or highway as follows:
(1) At a speed exceeding fifty-five (55) miles per hour, except upon a freeway as provided in division (B)(7) of this section.
(2) At a speed exceeding sixty-five (65) miles per hour upon a freeway as provided in division (B)(7) of this section.
(3) At a speed exceeding the posted speed limit upon a freeway for which the director of transportation has determined and declared a speed limit pursuant to division (I)(2), (L)(2) or (M) of Section 4511.21 of the Ohio Revised Code.
 {¶ 9} At trial, appellant did not challenge testimony by the officer that his vehicle was traveling in excess of 65 m.p.h. Rather, appellant argued, as he does on appeal, that the city failed to meet its burden to show that his speed was unreasonable under the circumstances. More specifically, appellant argues that the charge should have been dismissed because the officer did not designate on the citation that appellant's speed of 80 m.p.h. was "unreasonable for the conditions." Appellant maintains the city failed to meet its burden because there was no evidence of unusual or adverse roadway conditions, and traffic was light. Appellant also argues that the citation was defective because the officer did not mark the applicable subsection of Columbus Traffic Code 2133.03(D).
 {¶ 10} Regarding appellant's sufficiency challenge, the city argues that appellant has confused the elements of Columbus Traffic Code 2133.03(A) with those of Columbus Traffic Code 2133.03(D). Specifically, Columbus Traffic Code 2133.03(A) states in part: "No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway, and any other conditions[.]" The city argues that, unlike Columbus Traffic Code 2133.03(A), division (D) does not contain "unreasonable for the conditions" as an element. As further support for this distinction, the city cites Columbus Traffic Code 2133.03(C), which states, in pertinent part: "It is prima facie unlawful for any person to exceed any of the speed limitations in divisions (B)(1)-(7) of this section, or any declared pursuant to [R.C.] 4511.21[,] * * * and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section."
 {¶ 11} In State v. Dennis, Knox App. No. 2003-CA-000039,2004-Ohio-3329, at ¶ 11-13, the court interpreted analogous provisions of R.C. 4511.21, holding in part:
R.C. 4511.21(C) contains two separate and distinct components. The first component is that "[i]t is prima facie unlawful to exceed any of the speed limitations" contained in Subdivision (B). The second component states "[i]t is unlawful for any person to exceed any of the speed limitations in Division (D) of this section[.] * * *"
4511.21(D) states, in relevant part, "[n]o person shall operate a motor vehicle upon a street or highway as follows: (1) at a speed exceeding 55 m.p.h., except upon a freeway as provided in Division (B)(12) of this section."
Although it is prima faci[e] unlawful to exceed the posted speed limit pursuant to the first branch of 4511.21(C), it is clear the State legislature has determined in the second branch that this rebuttable presumption of speed does not apply above the maximum speeds set forth in Subsection (D). In other words it is a per se speeding violation.
 {¶ 12} Other courts have similarly held that, where a defendant is charged under the provisions of R.C. 4511.21(D), the issue whether the defendant's speed was unreasonable under the circumstances is not relevant. See State v. Thompson (Apr. 1, 1981), Hamilton App. No. C-800234 (rejecting defendant's argument that a guilty judgment under R.C. 4511.21[D] must be predicated on an evidentiary finding that the speed of the vehicle was unreasonable, improper, and without regard for the existing conditions; "[w]hatever else may be said of the other speed limitations set forth in [R.C. 4511.21], * * * a judgment of guilty [under R.C. 4511.21(D)] need not be grounded upon a finding that the speed was unreasonable under the existing conditions"); In re: James (May 12, 1995), Huron App. No. H-94-041 (the "reasonable" provision of R.C. 4511.21[A] is inapplicable to a charge of speeding under R.C. 4511.21[D]);State v. Brewster (Oct. 24, 1984), Delaware App. No. 84-CA-16 ("it does not make any difference that the speed was not unreasonable for conditions because the accused was neither charged with nor convicted of unreasonable speed under paragraph [A] of R.C. 4511.21. The evidence supports a conviction of the per se 55 m.p.h. prohibition of paragraph [D] of 4511.21");State v. Hauser (Oct. 5, 1994), Montgomery App. No. 14490 ("[t]he legislature has plainly made a speed violation under R.C.4511.21[D][3] a `per se' violation"); State v. Oglesby (Sept. 1, 2000), Erie App. No. E-99-076 (speeding ticket issued, pursuant to R.C. 4511.21[D][2], sets forth a per se violation for speeds in excess of 65 m.p.h., and, therefore, charged violation was not dependent upon the speed being unreasonable for conditions).
 {¶ 13} Based upon the above authority, we agree with the city that evidence as to whether appellant's speed was unreasonable under the conditions was not relevant to the trial court's determination. Upon review of the record presented, including unchallenged testimony that appellant was driving in excess of 65 m.p.h. upon a freeway, there was sufficient evidence presented upon which a rational trier of fact could have found that appellant violated Columbus Traffic Code 2133.03(D).
 {¶ 14} Appellant also contends that the citation issued by the officer was defective "in that the possibly applicable numeric subsection of [Columbus Traffic Code] 2133.03(D) is not indicated thereon[.]" In response, the city argues, and we agree, that appellant did not argue before the trial court that the citation was defective on the basis it failed to include a subdivision number. In general, the failure to raise issues in the trial court constitutes a waiver of the error claimed. Nilesv. Yeager, Trumbull App. No. 2004-T-0004, 2004-Ohio-6698, at ¶ 8. Further, a review of the citation reflects that the officer designated the offense on the ticket as "CTC 2133.03 D," and the officer further indicated on the ticket that appellant's speed was 80 m.p.h. in a 65 m.p.h. zone. Appellant has not shown that the charge was improper. Lyndhurst v. Collins (Mar. 12, 1992), Cuyahoga App. No. 60042 (although amended charge did not specify particular subsection under R.C. 4511.21, traffic citation was proper as it made clear that defendant was driving 50 m.p.h. in a 35 m.p.h. zone).
 {¶ 15} Based upon the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] Columbus Traffic Code 2133.03 is patterned after R.C.4511.21.