[Cite as *State v. Melin*, 2016-Ohio-1427.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY**

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**               **CASE NO. 13-15-29**

    **v.**

**DOUGLAS R. MELIN,**                  **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. TRD1501746**

**Judgment Affirmed**

**Date of Decision: April 4, 2016**

**APPEARANCES:**

    *Douglas R. Melin*, **Appellant**

    *Timothy J. Hoover* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Douglas R. Melin, appeals the July 7, 2015 judgment of the Tiffin-Fostoria Municipal Court finding him guilty of speeding. On appeal, Melin asserts that the trial court applied the incorrect standard in deciding the case and he further claims that his conviction was not supported by the evidence.

### Facts and Procedural History

{¶2} On May 22, 2015, at approximately 5:25 p.m., Hancock County Sheriff's Deputy Barry Turner observed Melin's vehicle traveling at a rate of speed that he believed was exceeding the posted speed limit on State Route 12 in Washington Township in Fostoria, Ohio. Using his handheld laser device, Deputy Turner confirmed his observations that Melin's vehicle was exceeding the posted speed limit by traveling forty-nine miles per hour. The posted speed limit was thirty-five miles per hour. Deputy Turner conducted a traffic stop and issued Melin a citation for speeding in violation of R.C. 4511.21(C). Upon arraignment, Melin entered a plea of not guilty. The case proceeded to a bench trial.

{¶3} Prior to the presentation of evidence, the parties stipulated to the reliability of the particular model and serial number of the laser device used to determine Melin's speed and waived "any error or any need for expert testimony to establish that the device is scientifically reliable." (Doc. No. 8; Doc. No. 15 at

5-6). At trial, Deputy Turner, a nineteen-year veteran with the Sheriff's Office, testified on behalf of the State. Deputy Turner testified that, while stationary in a parking lot adjacent to State Route 12 in a marked patrol cruiser, he observed a vehicle operated by Melin that appeared to be traveling at a rate of speed exceeding the posted thirty-five miles per hour limit. Deputy Turner activated his laser device and obtained a reading of forty-nine miles per hour at a distance of 477.6 feet from where he targeted Melin's vehicle.

{¶4} Deputy Turner explained that he completed routine checks of the laser device at the beginning of each shift and that on the day in question the laser device was in good working order. He further noted his training and familiarity with the laser device and stated that in the preceding year he had conducted over 900 traffic stops involving speed and issued approximately 600 tickets. Upon his initial contact, Melin indicated to Deputy Turner that he was unaware of the reason for the traffic stop. Deputy Turner informed Melin of his speed and issued the citation.

{¶5} On cross-examination, Melin elicited testimony from Deputy Turner establishing that there were no other vehicles in the vicinity, that the weather conditions were clear, and that the road was straight, level and a smooth surface. Melin also introduced photographs depicting a fenced-in industrial plant on the north side of the road and golf course belonging to a country club on the south

side. Melin further provided Deputy Turner with documents stating that the typical stopping distance for a vehicle traveling fifty miles per hour is 229 feet. Deputy Turner did not dispute the accuracy of the stated stopping distance at that speed. Deputy Turner also acknowledged that the speed limit reduced to thirty-five miles per hour not long before the area he targeted Melin's vehicle. However, he noted that Melin had passed a sign on the road which warned drivers of the reduced speed and that this sign was "quite a distance" from the posted thirty-five miles per hour zone. (Doc. No. 16 at 38). Deputy Turner further stated that the targeted area was well within thirty-five miles per hour zone.

{¶6} The trial court then permitted Melin to provide testimony in his defense. Melin stated that he believed he had been driving the speed limit and disputed Deputy Turner's testimony that he was traveling at forty-nine miles per hour. However, he admitted that did not look at his speedometer at the moment his vehicle was targeted by Deputy Turner's laser device. Nevertheless, Melin claimed that as he passed Deputy Turner's vehicle he glanced at the speedometer which indicated he was compliant with the speed limit.

{¶7} After hearing the evidence presented, the trial court found Melin guilty. The trial court assessed two points on Melin's driving record and imposed a $10.00 fine, plus court costs.

{¶8} Melin timely appealed, setting forth two assignments of error.

-4-

<u>**ASSIGNMENT OF ERROR NO. I**</u>

**THE TRIAL COURT ERRED IN REVIEWING AN ALLEGED VIOLATION OF R.C. 4511.21 (C) BASED ON A SPEED OF 49 MILES PER HOUR IN A 35 MILES PER HOUR ZONE UNDER A PER SE, RATHER THAN A PRIMA FACIE, STANDARD AND FINDING APPELLANT GUILTY ON THAT BASIS.**

<u>**ASSIGNMENT OF ERROR NO. II**</u>

**THE TRIAL COURT ERRED, IN REVIEWING AN ALLEGED VIOLATION OF R.C. 4511.21(C) BASED ON A SPEED OF 49 MILES PER HOUR IN A 35 MILES PER HOUR ZONE, BY FAILING TO MAKE A FINDING OF FACT AS TO THE REASONABLENESS OF APPELLANT'S SPEED AND, IN ANY EVENT, BY FAILING TO ENTER A NOT GUILTY VERDICT ON THAT BASIS BECAUSE UNCONTESTED AND UNREBUTTED EVIDENCE AS TO DRIVING CONDITIONS WAS SUFFICIENT TO OVERCOME THE PRIMA FACIE EVIDENTIARY PRESUMPTION PROVIDED IN R.C. 4511.21(C) AND CREATE REASONABLE DOUBT AS TO APPELLANT'S GUILT.**

{¶9} For ease of discussion, we elect to address the assignments of error together.

*Prima Facie v. Per Se Violation*

{¶10} In his first assignment of error, Melin contends that the trial court applied the wrong standard in rendering its decision. Melin was cited for a violation of R.C. 4511.21(C) which states, in relevant part, "[i]t is prima-facie unlawful for any person to exceed any of the speed limitations in divisions (B)(1)(a), (2), (3), (4), (6), (7), and (8) of this section, or any declared or

established pursuant to this section by the director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section * * * ".

{¶11} In *State v. Dennis*, the Fifth Appellate District interpreted R.C. 4511.21(C) as setting forth two standards for reviewing speeding violations:

> **R.C. 4511.21(C) contains two separate and distinct components. The first component is that "[i]t is prima facie unlawful to exceed any of the speed limitations" contained in Subdivision (B). The second component states '[i]t is unlawful for any person to exceed any of the speed limitations in Division (D) of this section [.] * * * '**
>
> **4511.21(D) states, in relevant part, "[n]o person shall operate a motor vehicle upon a street or highway as follows: (1) at a speed exceeding 55 m.p.h., except upon a freeway as provided in Division (B)(12) of this section."**
>
> **Although it is prima faci[e] unlawful to exceed the posted speed limit pursuant to the first branch of 4511.21(C), it is clear the State legislature has determined in the second branch that this rebuttable presumption of speed does not apply above the maximum speeds set forth in Subsection (D).  In other words it is a per se speeding violation."**

5th Dist. Knox App. No. 2003-CA-000039, 2004-Ohio-3329, at ¶ 11-13.  Other courts have similarly held that, where a defendant is charged under the provisions of R.C. 4511.21(D), the issue whether the defendant's speed was unreasonable under the circumstances is not relevant. *See*, *e.g., Columbus v. Conley*, 10th Dist. Franklin No. 05AP-1332, 2006-Ohio-4625 at ¶ 12.

{¶12} On appeal, Melin claims the trial court erroneously treated his speeding offense as a "per se violation," when the statute and relevant case law clearly establish it is a prima facie offense providing for a rebuttable presumption of speed. Therefore, Melin maintains that the trial court erred when it entered a finding of guilt on the "per se" standard because it did not give proper consideration to the evidence he presented as to the reasonableness of his speed. In other words, Melin contends that the trial court failed to consider his arguments rebutting the presumption of speed.

{¶13} At trial, the following exchange occurred between the trial court and Melin during closing statements.

> **Melin: Our Supreme Court has said in Cleveland v. Kia [sic], there was rebuttal presumption that they are able to stay [sic] the marked speed limit and I believe I have met my—**
>
> **Trial Court: This is a per se violation, right? Okay. Go ahead, I'm sorry.**
>
> **Melin: I'm not aware that it's per se.**
>
> **Trial Court: I think there's plenty of ample—I think almost all—I think all speeding offenses are per se offenses unless shown otherwise.**
>
> **Melin: Okay. Well, I'll continue on—**
>
> **Trial Court: Okay. Go ahead.**
>
> **Melin:—rebuttable presumption sums [sic] there under the Supreme Court reading that I can overcome the prima facie evidentiary [sic] in favor of the prosecution and so forth, and I**

> **believe I've met that so I would ask for the court to find me not guilty.**
>
> **Trial Court: Okay. Thank you.**

(Doc. No. 15 at 48-49).

{¶14} After acknowledging the evidence presented by *both* sides, the trial court stated the following in rendering its decision.

> **Trial Court: Now, with regard to your rebuttable presumption of the per se violation, while I understand that, I can't say in this particular instance that you have rebutted that per se presumption.**

(Id. at 50).

{¶15} Even though the trial court used the word "per se," it is clear from the record that the trial court engaged in an analysis consistent with a review of a prima facie violation. Specifically, the trial court permitted Melin's cross-examination of Deputy Turner to elicit evidence pertaining to the reasonableness consideration—i.e., the weather, the conditions of the road, the relatively light amount of traffic. The trial court also allowed Melin to present evidence in his defense to rebut the State's prima facie showing that the speeding offense occurred. Had the trial court handled this case as truly a "per se" speeding violation, any evidence as to whether Melin's speed was reasonable under the circumstances would have been irrelevant. Moreover, the trial court's comment that most speeding violations are *"per se offenses unless shown otherwise"*

indicates a clear acknowledgement of the rebuttable presumption established by the statute in this case.

{¶16} In rendering its decision on the record, the trial court also discussed its consideration of the evidence presented by both parties and acknowledged the rebuttable presumption. After engaging in this analysis, the trial court stated that it did not find Melin's evidence sufficient to overcome the rebuttable presumption—i.e., that his speed was excessive and unreasonable under the circumstances. Given each of these facts, we cannot say that in this instance the trial court's use of the phrase "per se" instead of the phrase "prima facie" obstructed the requirements of due process or deprived Melin from receiving a fair trial. As previously discussed, the record demonstrates that the trial court engaged in the correct analysis and gave due consideration to the pertinent evidence pertaining to Melin's effort to rebut the State's prima facie case. Therefore, we cannot discern from the record any prejudice to Melin because of the manner in which the trial court handled the case. Accordingly, we find no merit to Melin's argument that the trial court committed reversible error on this basis.

### *Evidence Supporting the Trial Court's Decision*

{¶17} In his second assignment of error, Melin challenges both the sufficiency and the weight of the evidence used to sustain his conviction for speeding.

{¶18} When a defendant challenges the sufficiency of the evidence, the defendant is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471 (2d Dist. 2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶19} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Consequently, a judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the

evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶20} On the issue of speeding violations, the Supreme Court of Ohio has stated that:

> **Where a [statute or] municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the [statute or] ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable.**

{¶21} *Cleveland v. Keah*, 157 Ohio St. 331 (1952), paragraph one of the syllabus.

{¶22} Accordingly, evidence of speed in excess of a posted speed limit alone is not conclusive that a vehicle was proceeding at an unlawful speed. However, a speed in excess of the statutory speed limit is a prima facie unreasonable speed. *State v. Dehnke*, 40 Ohio App.2d 194, 196 (1974). Based upon the prima facie case, the trier of fact may find that the defendant committed a criminal act, but is not required to do so. *In re Zindle*, 107 Ohio App.3d 342, 348 (1995). A rebuttable presumption is created and may be overcome by evidence that in the circumstances, the speed was neither excessive nor unreasonable. *Keah*

at 337. "What is reasonable and proper under the circumstances is a question of fact." *State v. Winkler*, 2d Dist. Champaign No. 98-CA-18 (Feb. 5, 1999).

{¶23} In this case, the State presented evidence that Melin's vehicle was traveling forty-nine miles per hour, exceeding the posted speed limit by fourteen miles per hour. This evidence establishes the State's prima facie case that Melin's speed was excessive and unreasonable. *See Village of Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, ¶ 18; s*ee also, Cleveland v. Benn*, 8th Dist. Cuyahoga No. 80674, 2002-Ohio-3796, ¶ 14 (finding the defendant's speed was excessive at 38 miles per hour in a 25 miles per hour zone). With regard to the excessive nature of the speed, the only argument Melin presented to contrast the State's prima facie case was his belief that he was not traveling at the speed alleged. Notably, Melin admitted that he was not looking at his speedometer when Deputy Turner's laser device targeted his vehicle and he did not challenge the accuracy or reliability of Deputy Turner's laser device on appeal.

{¶24} As to the reasonableness aspect, Melin argues that his speed was reasonable because of the time of day, the clear weather, the good conditions of the road, the lack of pedestrian traffic, and no other vehicles driving in the same vicinity. However, Deputy Turner testified that prior to being clocked at forty-nine miles per hour Melin passed a sign warning drivers to reduce their speed. Deputy Turner also indicated that the area where Melin's vehicle was targeted was

well within the posted thirty-five miles per hour zone. Moreover, the record demonstrates that Melin was approaching an intersection which required not only a reduction in speed to safely traverse, but also implicated the possibility of having to stop or yield to cross traffic. It is noteworthy that Melin testified he often used this particular stretch of roadway in his twenty-four years of living in the area, implying his familiarity with the reduction of speed zones and posted limits even without the advanced warning of the signs.

{¶25} Given these facts, the trial court could reasonably have found that, despite Melin's arguments to the contrary, he failed to rebut the presumption that his speed was excessive and unreasonable. Melin maintains on appeal that the trial court was required to make a finding as to the reasonableness of his speed. We note that Melin has failed to direct us to any authority that requires a trial court make a specific determination as to reasonableness upon entering a finding of guilt for a prima facie speeding violation. Nevertheless, Melin overlooks the fact that upon finding him guilty of speeding the trial court also specifically determined that he failed to overcome the State's prima facie case and thus rejected Melin's arguments that his speed was reasonable and not excessive.

{¶26} After construing the evidence in a light most favorable to the State, we conclude that a rational fact finder could have found the elements of speeding proven beyond a reasonable doubt, even in the presence of Melin's evidence as to

the reasonableness of his speed. Furthermore, we cannot conclude that the trial court lost its way and created a manifest injustice in convicting Melin of speeding.

**{¶27}** For all these reasons, the first and second assignments of error are overruled.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**ROGERS, J., concurs in Judgment Only.**

**/jlr**