[Cite as *State v. Miller*, 2021-Ohio-1749.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio/City of Norwalk                     Court of Appeals No. H-20-011

    Appellee                                          Trial Court No. TRD 2000726

v.

Jacob Miller                                      **DECISION AND JUDGMENT**

    Appellant                                         Decided:  May 21, 2021

* * * * *

G. Stuart O'Hara, Jr., Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

Jacob Miller, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jacob Miller, pro se, appeals the May 5, 2020 judgment of the
Norwalk Municipal Court which, following a trial on his February 23, 2020 speeding
ticket issued pursuant to R.C. 4511.21(D)(1), found him guilty, assessed points to his
license, and ordered him to pay a fine.

{¶ 2} Appellant's argument is that the court erred when finding him guilty of
speeding as he rebutted the presumption by demonstrating that the speed was neither

excessive nor unreasonable under the conditions. Appellant relies on multiple Ohio cases involving presumptive, or prima facie, traffic violations and a defendant's ability for rebuttal. *See Cleveland v. Keah*, 157 Ohio St. 331, 105 N.E.2d 402 (1952); *State v. Nedelkoff*, 24 Ohio Misc. 153, 263 N.E.2d 803 (C.C.1970); *State v. Schultz*, 1 Ohio Misc. 81, 205 N.E.2d 126 (M.C.1964).

{¶ 3} The state, conversely, argues that appellant was charged with speeding under R.C. 4511.21(D)(1), a per se violation under which a rebuttable presumption is not available.

{¶ 4} R.C. 4511.21(D)(1) provides:

(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:

(1) At a speed exceeding fifty-five miles per hour, except upon a two-lane state route as provided in division (B)(10) of this section and upon a highway, expressway, or freeway as provided in divisions (B)(12), (13), (14), and (16) of this section * * *.

{¶ 5} Ohio courts have held that a charge under this section is a per se violation. *See State v. Heidelberg*, 6th Dist. Wood No. WD-01-036, 2002 WL 445038 (Mar. 22, 2002); *Columbus v. Conley*, 10th Dist. Franklin No. 05AP-1332, 2006-Ohio-4625; *State v. Dennis*, 5th Dist. Knox No. 2003-CA-000039, 2004-Ohio-3329.

{¶ 6} *Compare* R.C. 4511.21(A) and (C) which provide, respectively, that a motorist shall not drive at a speed greater or less than is reasonable under the conditions

2.

or that it is prima-facie unlawful for a motorist to exceed the posted speed limitations. These sections allow a defendant to rebut the presumption of speeding by presenting evidence that the speed was reasonable under the circumstances. *See Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697.

{¶ 7} Because appellant was charged with a per se violation under R.C. 4511.21(D)(1), and failed to dispute the speed he was measured traveling at by handheld police laser, we find that the court did not err in finding appellant guilty. Appellant's assignment of error is not well-taken.

{¶ 8} On consideration whereof, we find that the judgment of the Norwalk Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                        JUDGE
Christine E. Mayle, J.

Gene A. Zmuda, P.J.                         _____
CONCUR.                                                 JUDGE


                                           _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.