[Cite as *State v. Smead*, 2024-Ohio-2222.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,

v.

RICHARD B. SMEAD,

        DEFENDANT-APPELLANT.

CASE NO. 8-23-23

O P I N I O N

Appeal from Bellefontaine Municipal Court
Trial Court No. 23 TRD 2188

Judgment Affirmed

Date of Decision:  June 10, 2024

APPEARANCES:

    *John K. Limoli* for Appellant

    *Crystal K. Welsh* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Richard Smead ("Smead"), brings this appeal from the October 6, 2023 judgment of the Bellefontaine Municipal Court finding him guilty of Speeding. On appeal, Smead argues that the trial court erred by determining that he had not "successfully rebutted the prima facie evidence that he was speeding," and that the trial court erred by "assuming facts not in evidence." For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On September June 18, 2023, Smead was charged with speeding in violation of R.C. 4511.21. It was alleged that he was traveling 80 mph in a 55 mph zone. Smead pled not guilty to the charge.

{¶3} On August 1, 2023, Smead filed a motion to dismiss the charge against him arguing, *inter alia*, that traveling at a speed greater than the specified limit does not establish an offense per se; rather, it establishes a prima facie case, which can be rebutted. *See Cleveland v. Keah*, 157 Ohio St. 331 (1952). Smead contended that in his case the traffic ticket conditions showed dry pavement, clear visibility, and no adverse weather conditions. He argued that when considering the totality of the circumstances, he did not violate R.C. 4511.21(A) because his speed was reasonable for the conditions.

**{¶4}** On August 16, 2023, the trial court filed a written entry denying Smead's motion to dismiss. The trial court noted that Smead was making an argument to dismiss a charge pursuant to R.C. 4511.21(A) when that was not the relevant subsection he was charged with. The trial court indicated that Smead had been charged with a violation of R.C. 4511.21(D), which *is* a per se offense for an individual traveling in excess of fifty-five miles per hour. Further, the trial court noted that a reasonable speed for the conditions was not a defense to a per se speed violation under R.C. 4511.21(D). *See State v. Minne*, 2d Dist. Montgomery No. 23390, 2010-Ohio-2269. The trial court thus denied Smead's motion to dismiss.

**{¶5}** On October 6, 2023, Smead proceeded to a bench trial. At trial, Officer Logan Miller of the Washington Township Police Department testified that he was doing road patrol at 12:20 in the afternoon on June 18, 2023. Officer Miller testified that he had his radar activated as he was driving southbound on State Route 235. Officer Miller testified that he observed a truck traveling northbound on State Route 235 in the officer's lane of travel. The white truck was in the midst of passing a dump truck. Officer Miller testified that he initially observed the dump truck traveling at 53 mph, and he observed the truck passing it traveling 88 mph. Officer Miller testified:

> Initially I did observe 88 miles an hour. I then went to lock in the speed. He had slowed down. He was coming towards me. It was slowed down to 84 is what I locked it in at. Just to double-check, I

then hit my rear antenna as he went behind me and observed 80 miles an hour.

(Tr. at 7).

**{¶6}** Officer Miller's dash camera footage was introduced into evidence and the video showed Officer Miller slowing down to avoid a head-on collision with Smead. Officer Miller testified that he gave Smead a break by only writing the speeding ticket for 80 mph so that Smead would not have to go to court.

**{¶7}** Smead testified in his own defense that he did not know how fast he was going but he had to pass the dump truck because it was knocking rocks into his vehicle. He testified that the dump truck had been varying its speed and the dump truck sped up when Smead went to pass. Smead testified that when he observed the officer's vehicle, it was coming at him pretty fast so he "floored it" to safely get around the dump truck.

**{¶8}** At the conclusion of the testimony, the trial court found Smead guilty of Speeding as charged. Smead was fined $75 and ordered to pay court costs. A judgment entry memorializing his conviction was filed October 6, 2023. It is from this judgment that Smead appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**The trial court erred to the prejudice of the defendant appellant when it found that the defendant had not successfully rebutted the prima facie evidence that he was speeding.**

**Second Assignment of Error**

**The trial court erred to the prejudice of the defendant appellant by assuming facts not in evidence and by substituting its personal values for R.C. 4511.21.**

*First Assignment of Error*

{¶9} In his first assignment of error, Smead argues that the trial court erred by determining that he had not successfully rebutted the prima facie evidence that he was speeding. Smead contends that the speeding statute in Ohio, R.C. 4511.21, only creates a rebuttable presumption that his speed was unlawful. He argues that he established that given the conditions, his speed was reasonable, and he thus rebutted the presumption. Smead's arguments are based on a fundamental misunderstanding of his charge.

{¶10} Similar to Smead's motion to dismiss, Smead is making arguments to validly attack a charge under R.C. 4511.21(A), *which is not what he was convicted of*. Smead was convicted of a per se speeding offense under R.C. 4511.21(D), which reads:

> (D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:

> (1) At a speed exceeding fifty-five miles per hour, except upon a two-lane state route as provided in division (B)(10) of this section and upon a highway, expressway, or freeway as provided in divisions (B)(12), (13), (14), and (16) of this section[.]

Unlike R.C. 4511.21(A)[1], Revised Code 4511.21(D) does not contain any language related to traveling at a speed that is reasonable and proper with due regard to traffic conditions.

**{¶11}** Simply put, "where a defendant is charged under the provisions of R.C. 4511.21(D), the issue of whether the defendant's speed was unreasonable under the circumstances is not relevant" because R.C. 4511.21(D) violations are a per se offense. *State v. Melin*, 3d Dist. Seneca No. 13-15-29, 2016-Ohio-1427, ¶ 11, citing *Columbus v. Conley*, 10th Dist. Franklin No. 05AP-1332, 2006-Ohio-4625, ¶ 12.

**{¶12}** Here, the State established that Smead was speeding well in excess of the posted limit of 55 mph. Smead's ticket alleged that he was traveling 80 mph in a 55 mph zone.[2] Even if Smead was traveling at a reasonable speed for the conditions, it is not a defense to the charge Smead was convicted of. Smead's

---

[1] Revised Code 4511.21(A) reads:

> (A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

[2] Smead's confusion with the statutory subsection he was charged under may have originated with the traffic ticket, because the ticket only generally listed a violation of R.C. 4511.21 without specifically designating a subsection. However, the ticket specifically listed that his speed was 80 in a 55 mph zone, implicating R.C. 4511.21(D)(1). Moreover, if Smead was confused as to what subsection he was charged under, that issue was resolved on August 16, 2023, almost two months before trial, when the trial court rendered its decision on the motion to dismiss. At that time, the trial court affirmatively indicated the charge was under R.C. 4511.21(D)(1). Regardless, we note that Smead never challenged his traffic ticket at the trial court level, and he similarly does not challenge it here. However, even if he did make this argument, it has been rejected by other Ohio Appellate courts. *See Conley, supra*, at ¶ 14, citing *Lyndhurst v. Collins*, 8th Dist. Cuyahoga No. 60042, 1992 WL 47120.

arguments are simply irrelevant and do not undermine the conviction in this case.[3]

Therefore, his first assignment of error is overruled.

*Second Assignment of Error*

**{¶13}** In his second assignment of error, Smead argues that the trial court erred "by assuming facts not in evidence and by substituting its personal values for R.C. 4511.21." (Appt.'s Br. at 7). More specifically, Smead takes issue with some of the statements the trial court made before finding him guilty.

**{¶14}** Contrary to Smead's arguments, pursuant to Crim.R. 23(C), in a trial without a jury, the court shall "make a general finding." This Court has repeatedly expressed, in varying circumstances, that anything stated beyond the required "general finding" of guilt or innocence in a criminal bench trial is " 'mere surplusage without legal significance.' " *State v. Ham*, 2009-Ohio-3822, ¶ 37 (3d Dist.), quoting *State v. Crawford*, 1986 WL 1715 at *7 (10th Dist.); *State v. Warner*, 2021-Ohio-4183, ¶ 47 (3d Dist.). Here, the trial court determined that Smead was "guilty of speeding 80 miles an hour in a 55 mile-an-hour zone." Anything beyond the trial court's statement is surplussage, has no legal significance, and cannot form the basis for a reversal.

---

[3] Even if Smead's arguments were relevant, it was entirely within the trial court's discretion as factfinder to determine that his speed was not reasonable under the circumstances.

**{¶15}** Nevertheless, as there is facially no merit to Smead's claims, we will review the trial court's statement at the conclusion of the trial. After the case was submitted to the trial court, the trial court stated as follows:

> Well, I do a lot of speeding cases and so I pay a lot of attention when I'm on the highway about how fast I go if I'm passing a vehicle. If the speed limit's 55 and I'm going to pass them, how high do I have to get to safely pass that truck. And it's not 80 miles an hour. It might – might be 62 miles an hour, but it's not 80 or 88 miles an hour. And that's what the officer first clocked him at was 88 miles an hour.
>
> I—you made an argument about gravel on the highway, but there was no – that wasn't on the – there was no show of gravel as he passed or coming like that would have – if there was gravel, it would have hit the officer's car too. It didn't. And when the officer passed him again there was no sign of any gravel. I mean, you had a lot of discussion here about whether it was safe to pass, and, you know, I don't think it was a safe situation to pass. But he wasn't charged with reckless operation, he was charged with speeding. And I don't think it was safe under the conditions. I don't think it's reasonable under the conditions because I don't know if he already passed those two other vehicles and then was passing the truck, but I know that the officer had to pass the two vehicles and then the truck. I'm guessing – we just have to guess because of how close they were that Mr. Smead passed more than just a truck.
>
> Anyway, so, overall, I find that – I find that the defendant was guilty of speeding 80 miles an hour in a 55 mile-an-hour zone.

(Tr. at 26-27).

**{¶16}** Smead takes issue with the trial court's statements regarding him possibly passing multiple vehicles because there was no evidence to support that statement. He argues that there was no need to "guess" based on the testimony. He

also argues that it seemed the trial court may have been confused as to whether this was a speeding case, a reckless operation case, or an improper passing case.

**{¶17}** After reviewing the trial court's statement in its entirety, we find no error here. The trial court specifically reiterated that it was a speeding case. Moreover, while the trial court conducts some analysis on the record, it seems it is primarily directed at discounting any arguments Smead made regarding reasonableness of the speed, irrelevant as those arguments may have been. In the end, the trial court found that Smead was guilty of speeding, and that finding is supported by the record. For these reasons, Smead's second assignment of error is overruled.

*Conclusion*

**{¶18}** Having found no error prejudicial to Smead in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Bellefontaine Municipal Court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, and MILLER, J.J. concur.**

/tmm